UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON REEL,<br><br>                                    Plaintiff,<br><br>v.<br><br>CITY OF EL CENTRO, et al.,<br><br>                                    Defendants. | Case No.:  22cv526-W(LR)<br><br>**ORDER REGARDING JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**<br><br>**[ECF NO. 76]** |

On April 15, 2024, Plaintiff Aaron Reel ("Plaintiff") and Defendant the City of El Centro ("the City") filed a joint motion for determination of discovery dispute.  (See ECF No. 76 ("J. Disc. Mot.").)  The City moves for a protective order pursuant to Federal Rule of Civil Procedure 26(c)(1) restricting Plaintiff from questioning witnesses about certain documents during upcoming depositions and precluding Plaintiff from using the contested documents for the remainder of the litigation.  (See id.)  The unredacted versions of the contested documents were filed under seal [ECF No. 94] and also submitted for *in camera* review.  Having reviewed the motion, as well as the content of the contested documents, and for the reasons stated below, the City's request for a protective order precluding Plaintiff's use of the contested documents is **DENIED without prejudice.**

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, a former Commander for the El Centro Police Department, alleges multiple employment discrimination claims against the City and other Defendants related to his termination from his position after reporting that the Chief of Police, Brian Johnson—who is also a named Defendant—was discriminating against female employees, retaliating against Plaintiff for his reports about Defendant Johnson's inappropriate behavior, and had jeopardized the safety of El Centro police officers by failing to follow proper city COVID-19 protocols.  (See generally ECF No. 20, First Am. Compl. ("FAC").)  The FAC recounts multiple instances of conflict with Defendant Johnson and alleges California state causes of action, as well as a retaliation claim pursuant to 42 U.S.C. § 1983 against each of the Defendants.  (Id.)

Fact discovery in this case has been underway for over a year.  (See ECF No. 38; see also Docket.)  As described by Plaintiff and his counsel in her supporting declaration,

> several months ago, an anonymous source, which could have been any current or former employee of the City of El Centro, sent 93 pages of documents with no return address to the mailing address of Plaintiff's home. Plaintiff immediately gave the anonymous documents to his counsel.  Upon Plaintiff['s] counsel's receipt of the anonymous documents, she researched if there was any indication of where these documents came from and what her ethical responsibility was with regard to the documents.  After determining that these documents were not sent inadvertently by an attorney, nor any person that Plaintiff's counsel could identify in order for them to be returned, she bate stamped them REEL 0002868–002961 and produced them to counsel. . . .

> Plaintiff's counsel also produced documents from Plaintiff's computer zip drive that the City of El Centro's IT and Human Resources Department transferred to the drive as part of the preservation of evidence request by Plaintiff's Police Association Attorney . . . during the grievance process. . . . Plaintiff's counsel was informed by her paralegal that she had found documents on that drive that she did not understand what they were and as such Plaintiff's counsel produced those documents bate stamped as REEL 004520 and REEL 005348 and 005399.  (Exhibit G) . . . These documents demonstrated that [REDACTED] had been using the City's e-mail system improperly to advertise on [REDACTED] for inappropriate conduct

unbecoming of a police officer.

(J. Disc. Mot. at 14–15 (emphasis added); see also ECF No. 76-2, Suzy Moore Decl. ("Moore Decl.") ¶ 2–3.)

Although not all of the documents that Plaintiff received from the anonymous source were filed under seal and submitted for an *in camera* review, the ones that were provided to the Court and filed under seal fall into two main categories: (1) e-mails between City employees and counsel related to various internal investigations conducted during the timeframe preceding the instant lawsuit, and (2) electronic communications between City employees.  The content of these documents, as well as their use during the depositions of multiple city employees and police officers, has been the subject of at least two informal discovery conferences ("IDCs") before the undersigned.  (See, e.g., ECF No. 60.)  Most recently, the Court held an IDC after the City's counsel, Warren Williams, had allegedly unilaterally cancelled the depositions of two El Centro police officers in anticipation of questions about the officers' private sexual lives, which the City contends are irrelevant to this action.  (See ECF Nos. 62 & 63.)  The Court encouraged the parties to stipulate to a later date for the cancelled depositions while meet and confer efforts related to the documents were ongoing, but the parties reached an impasse, and the Court issued a briefing schedule for both the City's request for a protective order and Plaintiff's request for sanctions due to the City's cancellation of the depositions.  (See ECF No. 63.) The instant motion for a protective order followed.  (See ECF No. 76.)

## II.  LEGAL STANDARD

The Federal Rules of Civil Procedure authorize the parties to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," considering the following factors: "importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its

likely benefit."  Fed. R. Civ. P. 26(b)(1).  Relevant information "need not be admissible in evidence to be discoverable."  Id.

A party from whom discovery is sought may move for a protective order, and the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1).  The court's order may forbid "the disclosure or discovery," as well as "inquiry into certain matters," or "limit[] the scope of disclosure or discovery to certain matters."  Fed. R. Civ. P. 26(c)(1)(A),(D).  The party seeking the protective order has the burden to demonstrate good cause.  See Grano v. Sodexo Mgmt., Inc., 335 F.R.D. 411, 414 (S.D. Cal. 2020); U.S. v. $160,066.98 from Bank of America, 202 F.R.D. 624, 626 (S.D. Cal. 2001).  "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted."  Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1210–11 (9th Cir. 2002); see also Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992) (citation omitted) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.").

Federal Rule of Civil Procedure 26(c) "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984).  If the court denies a motion for protective order, "the court may, on just terms, order that any party or person provide or permit discovery."  Fed. R. Civ. P. 26(c)(2).

## III.  DISCUSSION

The City argues that the disputed documents should not be used to question witnesses and that the documents "should be excluded from the case."  (See J. Disc. Mot. at 6.)  The City asserts that personal relationships of non-party El Centro police officers are irrelevant to the claims in this action, and questioning the officers during their depositions regarding some of the documents at issue could embarrass and harass the officers.  (See id. at 7 (citing ECF No. 76-3, Warren Williams Decl. ("Williams Decl.")

4

¶¶ 11–12).)  The City further contends that the disputed documents contain: (1) attorney-client privileged communications, (see id. at 9–10), and (2) other information from City servers that was obtained in violation of multiple federal and state statutes, as well as the City's personnel policies that prohibit the release of internal documents, (see id. at 10–12).  The City also argues that regardless of *how* Plaintiff's counsel obtained the disputed documents, the proper course of action was to return the documents to City Manager or defense counsel without retaining copies, rather than produce the documents during the normal course of discovery.  (See id. at 9–10 (citing Williams Decl. ¶ 14).)  Finally, the City argues that Plaintiff's counsel is improperly using discovery in this case to litigate a separate case, which is currently pending in Imperial County Superior Court, in which Plaintiff's counsel represents a former City Human Resources Director who asserts employment discrimination claims against the City.  (See id. at 13.)

In response, Plaintiff contends that he is entitled to seek discovery regarding similarly situated officers under Defendant Chief Johnson's command who were treated favorably in comparison to Plaintiff during his employment with the El Centro Police Department.  (See id. at 15–16.)  Plaintiff states that his counsel had produced the disputed documents to the City in the normal course of discovery several months before the instant motion was filed, and argues that his counsel did not have an obligation to return the documents in the manner asserted by Defendant.  (Id. at 16–17.)  In support, Plaintiff alleges that the documents at issue were "not inadvertently sent by a known source," but were given to him purposely by an anonymous source—a circumstance outside of the ones contemplated by state ethics rules and federal rules regulating discovery obligations.  (See id. (citing Moore Decl. ¶ 2).)  Plaintiff also asserts that he cannot determine who sent the documents, and that neither he nor his counsel have any reason to believe that the documents were removed unlawfully from the City's servers.  (See id. at 16–17.)  Additionally, Plaintiff contends that Defendant Johnson has already confirmed that some of the documents were the subject of the City's internal investigations into officer misconduct.  (Id. at 14.)  Plaintiff also states that he requested

22cv526-W(LR)

the documents at issue several months ago, but Defendant responded to Plaintiff's discovery requests stating that the documents did not exist.  (Id.)  Notably, Plaintiff concedes that "[m]ost of the documents are not relevant," and argues that Defendant "has not adequately explained the significance of the contested documents in this litigation and what effect they may have on it."  (Id. at 17.)  Finally, Plaintiff's counsel states that her client in the case proceeding against the City in a separate action filed in state court imparted information about the circumstances of that lawsuit to her independently from the disputed documents, and argues that policing such communications simply because they may be confirmed by the information in the disputed documents would risk "undue interference with candid discussions between the client and counsel."  (See id. at 18.)

The Court initially notes its frustration with the circumstances behind the City's request to preclude Plaintiff from using the disputed documents at this point in the discovery process.  Plaintiff's counsel notified the City about the receipt of the documents "several months ago," bate stamped each document, and produced the documents to opposing counsel.  (Moore Decl. ¶ 2.)  Plaintiff's counsel had produced the documents before using several of those documents at Defendant Johnson's deposition, during which Defendant Johnson confirmed, without an objection from defense counsel, that at least some of the documents were part of internal City investigations into other officers' misconduct.  (See J. Disc. Mot. at 14–15 (citing Moore Decl. ¶ 4).)

Additionally, although Plaintiff requested production of documents from the City related to the alleged officer misconduct, the City responded to the discovery requests by either denying the existence of the requested documents or asserting that it did not have any responsive documents in its custody or control.  (See, e.g., Moore Decl., Ex. 1 at 7 ("Defendant believes that no such documents have ever existed"); Ex. 2 at 10 ("After a diligent search and reasonable inquiry Defendant is not in the possession, custody, or control of responsive documents.  Defendant is not aware of anyone who is in possession, custody or control of the requested documents.").)  The Court cannot reconcile the discrepancy between the City's request for a protective order precluding the use of the

22cv526-W(LR)

documents at issue with its discovery responses either denying the existence of such documents or the City's custody and control over such documents.  Although the City argues that Plaintiff's counsel should be required to return internal City documents based on their conversion from City servers and intentional misappropriation to Plaintiff without a return address, (see J. Disc. Mot. at 16), the City has not yet demonstrated that the disputed documents are in fact the City's documents, let alone that they were intentionally stolen from the City, such that they could be covered by ethical rules that would require Plaintiff's counsel to return them.[1]  Neither the City's discovery responses,[2] nor the declarations of defense counsel and City Manager Cedric Cesena conclusively demonstrate that the disputed documents were the City's documents, or that they were misappropriated without the City's permission.  (See, e.g., ECF No. 76-1, Cedric Cesena Decl. ("Cesena Decl.") ¶ 7 (noting that the City "did not provide authorization for Plaintiff or his counsel to obtain, receive, possess, or use those documents," but otherwise lacking any affirmative statement that the City was ever in possession of the documents).)  As such, the City has not established that the disputed documents were ever in the City's possession, or that that they were "intercepted or

---

[1] The Court notes that at least one set of the documents at issue was downloaded from Plaintiff's computer zip drive by the City's IT and Human Resources Department as part of a preservation of evidence request by Plaintiff's Police Officer's Association attorney during the grievance process.  (See J. Disc. Mot. at 14–15 ("Plaintiff's counsel also produced documents from Plaintiff's computer zip drive that the City of El Centro's IT and Human Resources Department transferred to the drive as part of a preservation of evidence request[.]").)

[2] The City's discovery responses to Plaintiff's requests for production of documents from the internal investigations into other officers' misconduct appear to have changed over time in contrast to the City's responses to requests for these officers' personnel files.  (Compare Moore Decl., Exs. 1–2 (explaining that the City was not in the possession, custody, or control of documents responsive to requests about internal investigations into officer misconduct), with id., Exs. 3–4 (explaining that the release of these officers' personnel files would be a violation of state statute and City policy).)  These responses nevertheless fail to demonstrate that the disputed documents were ever in the possession, custody or control of the City, or that they ever existed on City servers.

22cv526-W(LR)

removed unlawfully."[3]  (See J. Disc. Mot. at 12.)  The City also has not provided declarations and a privilege log to support any assertions of attorney-client privilege and/or work product doctrine.

Based on the record before it, the Court finds that Defendant has not met its burden to establish good cause for its motion for protective order.  See Grano, 335 F.R.D. at 414; Phillips ex rel. Estates of Byrd, 307 F.3d at 1210–11.  The Court therefore **DENIES without prejudice** Defendant's motion.  The Court further **ORDERS** that the officers' depositions take place on a date mutually agreed to by the parties, but no later than **May 31, 2024**.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[3] If the City continues to maintain that there are no responsive documents to these requests in their possession, custody, or control, a description of the efforts the City made to locate them could help to explain why they are no longer in the City's possession, but that the documents nevertheless did belong to the City at some point, and should be protected by the attorney-client privilege or work-product doctrine.  See, e.g., 7 James Wm. Moore, et al., Moore's Federal Practice § 34.13[2][a], at 34–57 (3d ed. 2017) (footnote omitted) (providing that when a party responds to a document request with an answer, as opposed to production or an objection, the party must answer under oath); SolarCity Corp. v. Doria, Case No.: 16cv3085-JAH (RBB), 2018 WL 467898, at *7 (S.D. Cal. Jan. 18, 2018) (quoting Bryant v. Armstrong, 285 F.R.D. 596, 603 (S.D. Cal. 2012)) ("If there are no other responsive documents in [d]efendant's possession, custody, or control, after conducting this further attempt to locate records, [the party resisting discovery] must state so under oath and describe efforts [the party] made to locate responsive documents.").

22cv526-W(LR)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IV.  CONCLUSION

For the foregoing reasons, the City's motion for a protective order [ECF No. 76] is **DENIED without prejudice**.  The Court will issue a separate order addressing Plaintiff's pending motion for sanctions against the City for the unilateral cancellation of the officers' depositions [ECF No. 79].

**IT IS SO ORDERED.**

Dated:  May 10, 2024

_____
Honorable Lupe Rodriguez, Jr.
United States Magistrate Judge