UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON REEL,<br><br>          Plaintiff,<br><br>v.<br><br>CITY OF EL CENTRO, et al.,<br><br>          Defendants. | Case No.: 22cv526-W(LR)<br><br>**ORDER REGARDING PLAINTIFF'S MOTION FOR DISCOVERY SANCTIONS**<br><br>**[ECF No. 79]** |

Presently before the Court is a motion by Plaintiff Aaron Reel ("Plaintiff") for monetary sanctions against Defendant the City of El Centro ("the City") "for third party witnesses' failure to appear at their deposition in violation of Federal Rule[] of Civil Procedure 37(d)." (ECF No. 79 ("Sanctions Mot.").) Plaintiff's request for sanctions, which was submitted in the joint discovery motion format outlined by the undersigned's chambers rules and includes a concurrently filed response by the City's counsel, relates to the failure of several non-party El Centro police officers to appear for noticed depositions in April of 2024 after the City's counsel learned that the officers would be questioned about a set of contested documents. (See id. at 2.) For the reasons explained below, the Court will **GRANT** Plaintiff's motion for sanctions, with the appropriate amount of fees to be determined after the Court receives supplemental briefing from the parties.

## I. RELEVANT BACKGROUND

Plaintiff, a former Commander for the El Centro Police Department, alleges multiple employment discrimination claims against the City and other Defendants related to his termination from his position after reporting that the Chief of Police, Brian Johnson—who is also a named defendant—was discriminating against female employees, retaliating against Plaintiff for his reports about Defendant Johnson's inappropriate behavior, and had jeopardized the safety of El Centro police officers by failing to follow proper city COVID-19 protocols. (See generally ECF No. 20, First Am. Compl. ("FAC").) The FAC recounts multiple instances of conflict with Defendant Johnson and alleges California state causes of action, as well as a retaliation claim pursuant to 42 U.S.C. § 1983 against each of the Defendants.

Plaintiff's request for sanctions arises from his use of a set of documents during fact discovery which he apparently received from an anonymous source within the El Centro Police Department. (See Sanctions Mot. at 1.) While the circumstances behind Plaintiff's acquisition of the anonymously sourced documents were the subject of a previous order issued by the Court regarding the City's motion to restrict their use during depositions pursuant to Federal Rule of Civil Procedure 26(c), (see ECF No. 95 ("Disc. Dispute Order")), some additional discussion of the background related to the parties' disputes about the documents is nevertheless informative for the purposes of the instant sanctions motion. As described by Plaintiff's counsel related to the previous discovery motion, Plaintiff received a packet of 93 pages of documents with no return address at his home "several months" before depositions began in this case, which demonstrated that a number of El Centro police officers had engaged in inappropriate conduct with other City employees or used the City email system for "conduct unbecoming of a police officer." (See id. at 2-3.) It appears that Plaintiff produced the documents to opposing counsel during the written discovery period in this case, (see id. at 6), and confirmed that at least some of the anonymous source documents were part of internal City investigations into the officers' conduct during Defendant Johnson's deposition on March 28, 2024. (See

1  Sanctions Mot. at 1.)  As far as the Court can tell, the officers' depositions had been
2  noticed by Plaintiff's counsel, Suzy Moore, with the City's counsel, Warren Williams, for
3  April 2, 2024, and April 4, 2024 since March 1, 2024.  (See id.)
4        The Court became aware of the anonymous documents for the first time when the
5  City submitted a letter brief related to a scheduled informal discovery conference ("IDC")
6  before the undersigned on March 11, 2024.  Although the documents were discussed in
7  the context of deponents other than the officers at issue in the instant sanctions motion,
8  and were only one subset of the issues that the Court addressed during two scheduled
9  IDCs, the Court repeatedly encouraged the parties to stipulate to a later date for
10 depositions while meet and confer efforts related to the documents were ongoing.
11 Additionally, the Court advised counsel during at least two IDCs that the City's refusal to
12 produce a deponent for a properly noticed deposition would likely be looked upon
13 unfavorably in the context of the federal rules.
14       The issue came to a head on April 3, 2024 when the Court held an unscheduled
15 IDC with the parties and learned that the City's counsel, through letters dated March 29,
16 2024, refused to produce two former El Centro police officers for their noticed
17 depositions on April 2, 2024 and April 4, 2024 because: (1) questions related to the
18 documents by opposing counsel would unnecessarily embarrass the officers, and (2) the
19 documents should be excluded from use in the litigation in their entirety because they
20 were obtained in violation of several statutes and City employee technology policies.
21 The letters stated that the City would be willing to postpone the depositions until the
22 Court could rule on the City's motion for a protective order.  (See ECF No. 79-1, Suzy
23 Moore Decl. ("Moore Decl.), Ex. 2.)  Recognizing that the parties had reached an
24 impasse with respect to the documents and the officers' depositions, the Court terminated
25 the IDC and set a briefing schedule related to: (1) Defendant's motion to exclude the
26 documents' use during the officers' depositions, and (2) Plaintiff's motion for sanctions
27 related to the City's counsel's unilateral cancelation of the officers' depositions.  (See
28 ECF No. 63.)  The parties filed a joint motion for determination of the City's request for

a protective order to exclude the anonymous documents' use on April 15, 2024, (see ECF No. 76), and the instant sanctions motion followed. (See ECF No. 79.)

The Court subsequently denied the City's motion to exclude the anonymous documents' use during the officers' depositions without prejudice. (See ECF No. 95 at 8.) Noting a discrepancy between the City's discovery responses earlier in the fact discovery period that it believed such documents did not exist on its servers and its request for a protective order based on their improper conversion from City servers, the Court concluded that the City had not demonstrated good cause for a protective order pursuant to Federal Rule 26(c), and ordered that the officers' depositions take place before May 31, 2024.[1] (See id. at 7-8.) Plaintiff's sanctions motion requests that the Court award him expenses incurred by the City's unilateral cancellation of the officers' scheduled depositions on April 2, 2024 and April 4, 2024, as well as attorney fees incurred by preparing for the IDCs related to the anonymous documents before the undersigned pursuant to Rule 37(d)(1)(A)(i) and 37(b)(2)(c). (See Sanctions Mot. at 2-3.)

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 30(d)(2) allows the Court to "impose an appropriate sanction—including the reasonable expenses and attorneys' fees incurred by a party—on a person who impedes, delays, or frustrates the fair examination of [a] deponent." Sanctions under this rule do not require a finding of bad faith. See Robinson v. Chefs' Warehouse, Case No. 3:15-cv-05421-RS(KAW), 2017 WL 1064981, at *2 (N.D. Cal. Mar. 21, 2017) (citing BNSF Ry. Co. v. San Joaquin Valley R.R. Co., No. 1:08–cv–01086–AWI–SMS., 2009 WL 3872043, at *3 (E.D. Cal. Nov. 17, 2009)). Additionally, pursuant to Federal Rule of Civil Procedure 37(d)(1)(A)(i), the Court may order sanctions if a person who is served with proper notice fails to appear for their

---

[1] A subsequent order continued the deadline by which the officers' depositions must take place to June 21, 2024. (See ECF No. 97.)

deposition.² Under Rule 37(d) more generally, if a party fails to comply with a court order and does not appear at his deposition, the Court may impose any of the sanctions authorized by Rule 37(b)(2)(A), (B), and (C). In lieu of, or in addition to these sanctions, the Court must award reasonable expenses—including attorneys' fees caused by the failure, unless it concludes that the failure was substantially justified or that other circumstances make an award of expenses unjust. See Fed. R. Civ. P. 37(d)(3). If fees are awarded, they are limited to those directly resulting from the violation and must be reasonable. See Fed. R. Civ. P. 37(b)(2)(C) ("the court must order the disobedient party, the attorney advising that party, or both, to pay the *reasonable* expenses, including attorney's fees, *caused by* the failure . . .") (emphasis added).

Courts within the Ninth Circuit have repeatedly recognized that a party fails to appear for a deposition within the meaning of Rule 37(d) when the party unilaterally cancels the deposition shortly before it is set to take place. See, e.g., Elizando v. SeaWorld Parks & Entm't, Inc., Case No.: 20-cv-00829-GPC-BGS, 2021 WL 1923287, at *9 (S.D. Cal. May 13, 2021) (citing Pioche Mines Consol., Inc. v. Dolman, 333 F.2d 257, 269 (9th Cir. 1964)) (simply informing opposing counsel deposition that the party would not appear for a noticed deposition was insufficient to relieve the party of the duty to appear); see also Wayne D. Brazil, Moore's Federal Practice § 37.91 (Matthew Bender 3d ed.) ("Such notification does not excuse a party's failure to appear, and will not serve as a substitute for a motion for a protective order."). Indeed, to cancel a properly noticed deposition, the party objecting to the deposition must, at the very least, request a protective order *before* the deposition is set to take place to relieve the deponent of the

---

² Rule 37(d)(1)(A)(i) applies when "a party or a party's officer, director, or managing agent—*or a person designated under Rule 30(b)(6) or 31(a)(4)*—fails, after being served with proper notice, to appear for that person's deposition." (emphasis added). The officers here do not appear to be "officer[s], director[s], or managing agent[s]" within the purpose of the rule, and the parties' papers do not shed any light as to whether they were designated as witnesses pursuant to Rule 30(b)(6). (See generally Sanctions Mot.) Because the City does not refute Plaintiff's citation to Rule 37(d)(1)(A)(i), however, the Court will assume that this rule controls for the purposes of the instant motion.

duty to appear. See, e.g., Fed. R. Civ. P. 37(d)(2) (noting that the failure to appear for a deposition "is not excused on the ground that the discovery sought is objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)."); ProDox, LLC v. Prof. Document Servs., Inc., 341 F.R.D. 679, 684 (D. Nev. 2022) ("[t]he failure to seek a protective order in a timely manner will preclude later objection.") (internal quotations omitted).

### III.  DISCUSSION

As an initial matter, the Court notes that in addition to the joint motion's discussion of whether sanctions against the City are appropriate for cancelling the officers' depositions, the parties continue to vigorously argue about the propriety of Plaintiff's possession of the anonymous documents and their use during discovery in this case. (See, e.g., Sanctions Mot. at 3-4 (arguing that embarrassment is not an appropriate objection to the documents' use in the officers' depositions and that the use of the documents is critical information balanced against the officers' privacy objections); 7-8 (arguing that Plaintiff obtained the anonymous documents in violation of the Electronic Communications Privacy Act).) These arguments are duplicative of the ones put forth by the parties in the joint motion regarding the City's request for a protective order under Rule 26(c) and are unnecessary for the Court to address at this juncture.[3] The issue at hand in the instant sanctions motion is whether the City should be sanctioned for unilaterally cancelling the officers' depositions—not whether Plaintiff can use these documents to question witnesses in the first place.

Turning to parties' arguments about whether sanctions against the City are appropriate, both portions of the joint motion attempt to shed additional light on the circumstances surrounding the officers' failure to appear at their depositions. Plaintiff

---

[3] The Court **DENIES** Plaintiff's motion to file excerpts of Defendant Johnson's deposition under seal to determine the documents' relevancy (ECF No. 89) for the same reasons. Evaluation of Defendant Johnson's deposition testimony is, in the Court's view, irrelevant to the issue of whether the City should be sanctioned for unilaterally canceling the officers' depositions.

1  asserts that Defendant Johnson was questioned about the anonymous documents during
2  his deposition on March 28, 2024, and that neither Mr. Williams nor Defendant
3  Johnson's counsel objected to Defendant Johnson authenticating some of the documents'
4  use in internal department investigations into the officers' alleged misconduct.  (See
5  Sanctions Mot. at 1.)  Furthermore, Plaintiff contends that both officers' depositions were
6  properly noticed, and that "serving an objection thirty days later and/or failing to file a
7  motion for a protective order cannot attempt to justify the City's failure to have these
8  officers appear by later arguing that the discovery sought through their testimony is
9  objectionable."  (Id. at 2.)  Quoting Pioche Mines Consol., Inc., Plaintiff appears to argue
10 that the City should have sought a protective order from the Court well in advance of the
11 officers' depositions, or at the very least requested the postponement of the officers'
12 depositions if there was insufficient time for the Court to rule on the motion for a
13 protective order.  (See id. (citing 333 F.2d at 269).)  Ultimately, Plaintiff contends that
14 the City's unilateral cancelation of the depositions on the basis that the officers would be
15 embarrassed or unnecessarily harassed was sanctionable conduct under the federal rules.
16 (See id. at 3 (citing Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi)).)

17       In response, the City contends that "it was necessary to postpone the depositions of
18 [the officers] in question due to the unusual circumstances" surrounding their
19 examination by Plaintiff's counsel.  (Id. at 4.)  Explaining that he was not fully aware of
20 Ms. Moore's intention to question the officers about the anonymous documents until a
21 phone conversation with her on Friday, March 29, 2024 (after Defendant Johnson's
22 deposition) Mr. Williams contends that he requested the officers' depositions be
23 postponed until the Court could rule on the City's anticipated request for a protective
24 order.  (See Sanctions Mot. at 5-6; ECF No. 79-2, Warren Williams Decl. ("Williams
25 Decl."), ¶ 4.)  After Ms. Moore refused to postpone the depositions, the parties again tried
26 to call the Court at the end of the day on Monday, April 1, 2024, but received no
27 response.  (See id.)  As described by Mr. Williams, "[Ms. Moore] waited until April 1 to
28 cancel the court reporter for the depositions even though Defendant clearly stated the

1  witnesses would not appear on [April 2, 2024 and April 4, 2024], but on a later date."
2  (Id.)  Refuting Plaintiff's reliance on Pioche Mines Consol., Inc. for the proposition that
3  cancelling the depositions created unnecessary delays in the discovery process of this
4  case, the City notes that the deadline for the officers' depositions was continued by the
5  Court in any event once its motion for a protective order was filed.  (See id. at 8-9 (citing
6  333 F.2d at 269).)  Along with the continuation of numerous other depositions in this
7  case, the City contends that a brief continuance of the officers' depositions "has not
8  clogged discovery [as] Plaintiff claims," and that its conduct does not warrant sanctions
9  in this instance.  (Id. at 8.)
10         The circumstances behind the City's objection to, and ultimate cancelation of the
11 officers' depositions are indeed unusual.  First, although the anonymous documents were
12 raised as an issue in earlier IDCs before the Court in the context of other deponents, it
13 appears that Mr. Williams did not object to Ms. Moore's questions about the anonymous
14 documents as they related to the officers' alleged misconduct during Defendant
15 Johnson's deposition on Thursday, March 28, 2024.  (See id. at 1.)  Second, regardless of
16 each counsel's representations about their communications, the issue of the officers'
17 depositions was not raised as an issue before the Court until—*at the very earliest*—
18 Friday, March 29, 2024, when both Mr. Williams and Ms. Moore called the Court
19 separately and explained some of the circumstances regarding the dispute to the Court's
20 law clerk. The Court discussed the City's intention to file a motion for a protective order
21 for the first time in a joint call with both counsel during an unscheduled IDC on April 3,
22 2024—the day after receiving an email describing the dispute pursuant to the
23 undersigned's chambers rules and one day after the first scheduled deposition.
24         The unusual circumstances which led up to the unilateral cancellation of the
25 officers' depositions by Defendant, however, do not change the requirements set forth by
26 both the federal rules and Ninth Circuit precedent regarding properly noticed Rule
27 30(b)(6) depositions.  As another judge in this district has observed, "[a] proposed
28 deponent and her counsel have a duty to appear at the properly noticed deposition, unless

they 'obtained a court order that postpones or dispenses with [their] duty to appear.'" <u>Elizondo</u>, 2021 WL 1923287, at *9 (quoting <u>Pioche Mines Consol., Inc.</u>, 333 F.2d at 269).  Although Mr. Williams called the Court to explain the City's objections to the officers appearing at their depositions on Friday, March 29 and sent an objection letter to Plaintiff's counsel on the same day (<u>see</u> Moore Decl., Ex. 2), in the absence of a motion for a protective order, or even a motion postponing the officers' depositions in *anticipation* of such a motion, this was insufficient to absolve the officers of their duty to appear under the federal rules.  <u>See, e.g.</u>, <u>Reloj v. Gov't Emps. Ins. Co. Inc.</u>, Case No.: 21cv1751-L (MSB), 2023 WL 8007354, at *3 (S.D. Cal. Nov. 17, 2023) ("Here, although Plaintiffs' counsel served objections to the notices of depositions . . . this did not relieve the Opt-In Plaintiffs of their duty to appear, absent a protective order.").

   Nor is the Court persuaded by the City's assurances it "has not clogged discovery" by pointing out its willingness to reschedule the officers' depositions until the Court could rule on its request for a protective order, and that other depositions in this case have already been rescheduled.  (<u>See</u> Sanctions Mot. at 8.)  While it is certainly helpful that the City was willing to produce the officers for the depositions at a later date during the process of informing the Court about the dispute, such *post hoc* reasoning about the efficiency of discovery in this case is circular in the Court's view, and does little to remedy the prejudice to Plaintiff for the City's unilateral cancellation of the officers' depositions on the days they were scheduled to go forward—however small that prejudice may be in the long run.  <u>See</u> <u>Henry v. Gill Indus., Inc.</u>, 983 F.2d 943, 947 (9th Cir. 1993) (noting that a "last minute tender" of discovery does not cure instantaneous effects of discovery misconduct) (internal quotations omitted).

   In short, the Court concludes that the City's unilateral cancelation of the officers' depositions falls squarely within the bounds of sanctionable conduct contemplated under Rule 37(d).  The City's notification to Plaintiff's counsel that the officers would not appear at the depositions based on a number of objections to the anonymous documents' use on March 29, 2024—just three days before the first deposition was set to begin—was

not an adequate substitute for a court order staying or restricting those examinations and did not dispense of their duty to appear on the date and time that they were noticed.

Because neither the City nor its counsel provided substantial justification for the officers' failure to attend their scheduled depositions, and there are no other circumstances that would make an award of expenses unjust pursuant to Rule 37(d)(3), the Court concludes that sanctions are appropriate under these circumstances.  District courts are granted broad discretion in determining the appropriate sanctions under Rule 37.  See Wyle v. R.J. Reynolds Indus., Inc., 709 F.2d 585, 589 (9th Cir. 1983).  In lieu of, or in addition to, the sanctions listed in Rule 37(b)(2)(A)(i)-(vi), the Court must award reasonable expenses, including attorney fees, caused by the failure to attend a properly noticed deposition.  See Fed. R. Civ. P. 37(d)(3).  Although sanctions are appropriate given the circumstances surrounding Plaintiff's motion, the City's counsel offered reschedule the depositions for a later date during the discovery dispute, and the Court subsequently ordered that the officers' depositions go forward on a date certain during the fact discovery period.  (See ECF No. 95 at 7-8.)  The Court will accordingly exercise its discretion and limit sanctions to only the fees and expenses that were directly caused by the officers' failures to attend their scheduled depositions, rather than the harsher sanctions contemplated by Rule 37(b)(2)(A)(i)-(iv).

As noted above, any fee award must be: (1) limited to fees directly resulting from the violation, and (2) the fees awarded must be reasonable.  See Fed. R. Civ. P. 37(b)(2)(C) ("The court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure").  Courts "'can shift only those attorney's fees incurred because of the misconduct at issue . . . [The] causal connection . . . is appropriately framed as a but-for test: The complaining party [] may recover only the portion of his fees that he would not have paid but for the misconduct.'" Dr. Lokesh Tantuwaya M.D., Inc. v. Jetsuite, Inc., Case No.: 19-cv-49-W-BLM, 2023 WL 6378012, at *5 (S.D. Cal. Sept. 27, 2023) (quoting Goodyear Tire & Rubber Co. v. Haeger, 581 U.S. 101, 108 (2017) (internal quotations omitted)).  To

document the expenses incurred by the officers' failure to attend their depositions, Ms. Moore includes an invoice from Aptus Court Reporting that assessed a $495 late cancellation fee for one of the noticed depositions on April 2, 2024.  (See Moore Decl., Ex. 3.)  Additionally, Ms. Moore provides some explanation for her requested attorney's fees related to the instant motion:

> I have thus far spent 10 hours incurring fees of $500.00 preparing for the three informal discovery conferences regarding these issues, researched the applicable law regarding similarly situated comparable employees, drafting the supporting documents, and opposing the untimely motion for protective order brought in bad faith by the City.  I am respectfully requesting the reasonable fees and costs and the court reporter's cancellation fee for the deposition of $495.00.

Moore Decl., ¶ 5.

Although it is reasonable to expect that the late cancelation fee for the court reporter is a direct result of the City's unilateral cancelation of the officers' depositions, Ms. Moore's description of the fees she is requesting leaves much more to be desired.  Apart from the fact that the three IDCs prior to the sanctions request were not exclusively related to the officers' depositions, (see Section I, supra), Ms. Moore's declaration does nothing to explain: (1) the reasonableness of her requested hourly rate, (2) a breakdown of the time that she spent as a result of the officers' failures to attend their scheduled depositions, and (3) a breakdown of the time that she spent preparing the portion of the joint motion that deals with the instant request for sanctions.  Without this information, the Court cannot determine whether the requested fees are indeed reasonable.  See Intel Corp. v. Terabyte Int'l, Inc., 6 F.3d 614, 623 (9th Cir. 1993) ("While the district court did have evidence of Intel's hours expended and its customary fees, the court made no findings that the hours expended were reasonable and that the hourly rates were customary . . . The order merely awarded the fees without elaboration.  Such a procedure is inadequate.") (internal quotations omitted); Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 980 (9th Cir. 2008) (noting that it is the fee applicant's burden to produce

satisfactory evidence that the requested fee rates are in line with those prevailing in the community for similar services). Accordingly, Ms. Moore must file a supplemental declaration, no later than **June 26, 2024**, that details this information for the Court to determine an appropriate fee award. Mr. Williams may file a reply declaration noting objections to Ms. Moore's requested fees, if any, by **July 3, 2024**.

## IV.   CONCLUSION

The City's unilateral cancellation of the officers' depositions was sanctionable conduct under Rule 37. In the absence of a valid protective order, or even a request to stay the depositions in anticipation of the City's request for a protective order, the City was not entitled to unilaterally cancel the officers' depositions based solely on its objections to anticipated questions by Plaintiff's counsel about the anonymous documents. Although the Court **GRANTS** Plaintiff's request for sanctions on this basis, the appropriate amount of monetary sanctions will be determined after the filing of supplemental briefing on the appropriate fees and expenses as explained above.

**IT IS SO ORDERED.**

Dated:  June 18, 2024

_____
Honorable Lupe Rodriguez, Jr.
United States Magistrate Judge