UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON REEL,<br><br>                         Plaintiff,<br><br>v.<br><br>CITY OF EL CENTRO, et al.,<br><br>                       Defendants. | Case No.:  22cv526-W(LR)<br><br>**ORDER REGARDING DOCUMENTS SUBJECT TO IN-CAMERA REVIEW** |

The undersigned held an informal discovery conference ("IDC") on May 8, 2024, during which Plaintiff Aaron Reel and Defendant the City of El Centro ("the City") disputed the relevance of personnel files and complaints against non-party police officers within the El Centro Police Department to the allegations in Plaintiff's First Amended Complaint ("FAC").  (See ECF No. 92.)  The City produced the disputed documents at issue for an *in camera* review following the IDC on June 18, 2024.  For the reasons stated below, the Court **ORDERS** the City to produce a subset of the documents submitted for *in camera* review to Plaintiff's counsel.

The scope of discovery under Federal Rules of Civil Procedure is defined as follows:

> Parties may obtain discovery regarding any nonprivileged matter

1

1
2
3
4
5
6

> that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

7   Fed. R. Civ. P. 26(b)(1).

8   "Typically, the relevance standard is broad in scope and 'encompass[es] any matter
9   that bears on, or that reasonably could lead to other matters that could bear on, any issues
10  that is or may be in a case.'" Yphantides v. Cnty. of San Diego, No. 21-cv-1575-GPC-
11  BLM, 2022 WL 3362271, at *3 (S.D. Cal. Aug. 15, 2022) (quoting Doherty v. Comenity
12  Cap. Bank & Comenity Bank, No. 16-cv-1321-H-BGS, 2017 WL 1885677, at *2 (S.D.
13  Cal. May 9, 2017) (alteration in original)).  District courts have broad discretion to
14  determine relevancy for the purposes of discovery.  See Estate of Serna v. Cnty. of San
15  Diego, Case No.: 20-cv-2096-LAB-DDL, 2024 WL 942368, at *7 (S.D. Cal. Mar. 5,
16  2024).  "Further, '[w]hen analyzing the proportionality of a party's discovery requests, a
17  court should consider the importance of the issues at stake in the action, the amount in
18  controversy, the parties' relative access to the information, the parties' resources, the
19  importance of the discovery in resolving the issues, and whether the burden or expense of
20  the proposed discovery outweighs its likely benefit.'" Yphantides, 2022 WL 3362271, at
21  *3 (citations omitted).

22  Some of the documents submitted to the Court for *in camera* review are relevant
23  and proportional under Rule 26 to help establish the claims in Plaintiff's FAC.  For
24  example, although it is usually a "fact-intensive inquiry that varies depending on the
25  case," Howard v. Raytheon Co., No. CV 09-5742 ABC (EX), 2011 WL 13177257, at *3
26  (C.D. Cal. Mar. 2011), the Ninth Circuit has held that plaintiffs in employment
27  discrimination cases may rely on comparisons of similarly situated employees if such
28  evidence supports an inference of retaliation.  See Brown v. Simpson Strong-Tie Co.,

2

1  Inc., No. 2:19-CV-01921-KJM-AC, 2022 WL 2135340, at *2 (E.D. Cal. May 2022)

2  (citing Hawn v. Executive Jet Mgmt., Inc., 615 F.3d 1151, 1156 (9th Cir. 2010).  The

3  documents submitted for *in-camera* review are relevant and proportional to the needs of

4  this case as they related to allegations of disparate treatment compared to similarly

5  situated officers.  (See, e.g., ECF No. 20, First Am. Compl., ¶ 63 (alleging disciplinary

6  action for conduct that would not normally result in penalties by similarly situated

7  officers).)  Accordingly, the Court finds that the documents relevant and proportional to

8  the discovery sought in this case include those Bates-stamped: 1-45, 77-120, 121-124,

9  182-234, and 235-296.  The City is **ORDERED** to produce those pages electronically to

10 Plaintiff's counsel no later than **July 5, 2024**.  These documents may be produced to

11 opposing counsel with the redactions discussed during the May 8, 2024, IDC, as well as

12 those contemplated by the protective order in this case.  (See ECF No. 42 at 1-11.)

13     **IT IS SO ORDERED.**

14 Dated:  July 1, 2024

15

16

17 _____

Honorable Lupe Rodriguez, Jr.

18 United States Magistrate Judge

19

20

21

22

23

24

25

26

27

28

3