UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON REEL,<br><br>                      Plaintiff,<br>v.<br>CITY OF EL CENTRO, et al.,<br><br>                      Defendants. | Case No.:  22cv526-W(LR)<br><br>**ORDER ISSUING MONETARY SANCTIONS** |

This order follows supplemental declarations submitted by counsel for Plaintiff Aaron Reel and Defendant the City of El Centro ("the City") regarding the appropriate amount of monetary sanctions that should be issued after the Court granted Plaintiff's request for sanctions against the City pursuant to Federal Rule of Civil Procedure 37(d). (See ECF No. 101 at 12.)  For the reasons explained below, the Court **GRANTS** Plaintiff's fee request **in part** and awards Plaintiff reasonable attorney fees of $2000.00 and costs of $495.00.

                      **I.**      **RELEVANT BACKGROUND**

On June 18, 2024, the Court granted Plaintiff's request for monetary sanctions against the City for its unilateral cancellation of two non-party El Centro police officers' depositions based on the City's objections to anticipated questions about a set of

contested documents that Plaintiff contends demonstrate improper behavior and disparate treatment of certain officers within the El Centro Police Department. (See generally id.) Although the Court found that the City had engaged in sanctionable conduct under Rule 37 and concluded that the officers' depositions should go forward, the declaration submitted by Plaintiff's counsel, Suzy Moore, did not contain sufficient information for the Court to accurately determine whether Ms. Moore's requested fees were reasonable. (See id. at 10-12.) Given these deficiencies, the Court required Ms. Moore and the City's counsel, Warren Williams, to submit supplemental declarations regarding the appropriate amount of sanctions, and asked the parties to specifically address: (1) the reasonableness of Ms. Moore's requested hourly rate, (2) how much time Ms. Moore spent as a result of the officers' failures to attend their scheduled depositions, and (3) how much time Ms. Moore spent preparing the portion of the joint motion that dealt with Plaintiff's requests for sanctions. (See id. at 11.) Ms. Moore and Mr. Williams submitted supplemental declarations on June 27, 2024, and July 1, 2024, respectively. (See ECF No. 103, Suzy Moore Decl. ("Moore Decl."); ECF No. 105, Warren Williams Decl. ("Williams Decl.").)

## II.   LEGAL STANDARD

In evaluating an award of monetary sanctions, courts must generally determine whether a reasonable hourly rate is being multiplied by a reasonable number of hours. See Baker v. Allstate Ins. Co., Case No. 2:19-cv-08024-ODW (JCx), 2020 WL 978729, at *2 (C.D. Cal. Feb. 28, 2020) (citing Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983)). Referred to as the lodestar method, courts use a determination of whether the hours are reasonably expended on the litigation, as well as whether the hourly rate itself is reasonable, as a "'starting point for determining the amount of a reasonable fee.'" Cairns v. Franklin Mint Co., 292 F.3d 1139, 1157 (9th Cir. 2002) (quoting Hensley, 461 U.S. at 433). After reaching the result of the lodestar calculation, a court may then adjust the figure in either direction after considering factors that support the reasonableness of the fee award. See id. (citing Kessler v. Associates Financial Servs. Co. of Hawaii, Inc., 639 F.2d 498, 500 n.1 (9th Cir. 1981)).

Additionally, as noted in the Court's previous order, any fee award pursuant to Rule 37(b) must be limited to fees directly resulting from a party's violation of that rule. See Fed. R. Civ. P. 37(b)(2)(C) ("The court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure.")  This is a causal test—parties seeking sanctions may only recover the portion of their fees that they would not have expended because of the discovery misconduct at issue.  See Dr. Lokesh Tantuwaya M.D., Inc. v. Jetsuite, Inc., Case No.: 19-cv-49-W-BLM, 2023 WL 6378012, at *5 (S.D. Cal. Sept. 27, 2023).

### III.   DISCUSSION

The lodestar calculation and costs posited by Ms. Moore's supplemental declaration that were a direct result of the City's cancellation of the officers' depositions are summarized as follows:[1]

| Hourly Rate | Action | Time | Resulting Fee |
|---|---|---|---|
| $500 | Preparation and re-preparation for the depositions of each of the two officers.  (See Moore Decl. ¶¶ 6, 9.) | 4 hours x 2 officers | $4,000.00 |
| | Time spent preparing the joint motion related to Plaintiff's request for sanctions (ECF No. 79).  (See Moore Decl. ¶ 8.) | 4 hours | $2,000.00 |
| N/A | Cancellation fee from Aptus Court Reporting for late cancellation of the depositions (See Moore Decl. ¶ 7.) | N/A | $495.00 |
| | | **Total** | **$6,495.00** (See Moore Decl. ¶ 9.) |

---

[1] Ms. Moore's declaration also repeatedly drifts into arguments about separate alleged discovery misconduct during the officers' depositions when they were eventually taken on June 20, 2024, and June 21, 2024.  (See, e.g. Moore Decl. ¶ 10-19 (requesting that the Court take into account "conduct of defense all defense counsel" during the officers' depositions after the Court ordered them to go forward in the wake of their unilateral cancellation by the City).)  These are two separate inquiries in the Court's view, and the Court declines to address arguments about defense counsel's conduct *during* the depositions in evaluating the appropriate fees for their cancellation earlier in the fact discovery period.

Mr. Williams, in response, does not dispute Ms. Moore's proffered hourly rate, but refutes that Ms. Moore's time in preparing for the depositions was a direct result of the officers' failure to attend their depositions on the date and time that they were originally scheduled.  (See Williams Decl. ¶ 7.)  Noting that the officers' depositions did eventually go forward pursuant to an agreement by the parties, Mr. Williams contends that the time Ms. Moore spent preparing for the depositions was time that she needed to spend on preparation in any event, and that Ms. Moore's conclusory statement that she had to "re-prepare" for the depositions after they were cancelled does not explain in any meaningful fashion how this time was connected to the cancellation of the depositions.  (See id. ¶¶ 7-9.)  These arguments will be addressed in further detail through the Court's discussion of the required factors.

### A.   Ms. Moore's Hourly Rate

To determine whether an attorney's hourly rates are reasonable, courts consider whether the requested rates are "'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" Trs. S. Cal. IBEW-NECA Pension Plan v. Electro Dynamic Servs., Case No. CV 07–05691 MMM (PLAx), 2008 WL 11338230, at *6 (C.D. Cal. Oct. 14, 2008) (quoting Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)).  The community at issue is the district in which the court evaluating the fee application sits.  See Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 979 (9th Cir. 2008).

Ms. Moore explains that courts have approved rates of $450 per hour in other cases that she has litigated in San Diego Superior Court, and that she is aware of practitioners with less experience who have charged more than her requested $500 per hour rate in similar cases.  (See Moore Decl. ¶ 5.)  Because three years have passed since her last comparable fee request, Ms. Moore contends that her requested rate of $500 per hour is a "conservative hourly rate based upon what my colleagues are charging." (Id.)  Given that Ms. Moore has cited to fee recoveries in similar cases, as well as her own knowledge of what attorneys with comparable experience charge, the Court finds Ms. Moore's

requested rate reasonable under the circumstances. See, e.g., Goodson v. County of Plumas, No. 2:18-cv-03105-KJM-DB, 2024 WL 99847, at *2-4 (E.D. Cal. Jan. 9, 2024) ($600 per hour for an attorney with over ten years of experience who frequently represents law enforcement officers against their former employer was reasonable).

### B. Reasonable Hours

Ms. Moore asserts that she expended a total of twelve hours addressing the City's cancellation of the officers' depositions: (1) eight hours to prepare for the depositions of both officers, and (2) four hours preparing her portion of the joint motion related to Plaintiff's request for sanctions against the City. (See Moore Decl. ¶ 9.) Although preparation of the joint discovery motion requesting sanctions against the City can reasonably be attributed to the City's misconduct, how preparing for the officers' depositions was related to their cancelation is not as clear to the Court. Ms. Moore appears to argue that she repeated her preparation for the officers' depositions due to the passage of time between their cancellation and when they actually went forward. (See id.) As Mr. Williams points out, however, Ms. Moore's declaration does not explain what preparation was necessary for the continued examinations of these officers, or indeed why it took the same amount of time to prepare the second time if she had already done so for the originally scheduled depositions. (See Willaims Decl. ¶ 9.) Accordingly, the Court, in its discretion, reduces Ms. Moore's billable hours for the purposes of Plaintiff's sanctions request from twelve to four—the amount of time she spent preparing Plaintiff's portion of the joint sanctions motion.

### C. Costs

Ms. Moore also asserts that she incurred costs of $495 from Aptus Court Reporting for late cancellation of the depositions. (See Moore Decl., Ex. 1.) As indicated in the Court's previous order, the late cancellation fee was also directly related to the cancellation of the officers' depositions. (See ECF No. 101 at 11.) Ms. Moore would not have incurred the cancellation fee from the court reporting service if the City and its counsel had not cancelled the depositions less than one business day before the first one

was set to go forward, and the Court finds that this fee is also reasonable in assessing the appropriate sanctions against the City.

**D.      Conclusion**

Given the analysis above, the Court concludes that four hours of Ms. Moore's attorney fees, at a rate of $500 per hour, as well as costs of $495 are reasonably related to the City's sanctionable conduct in this instance. Accordingly, the appropriate amount of monetary sanctions against the City is $2,495.00.

## IV.   CONCLUSION

For the reasons discussed above, the Court **GRANTS in part** Plaintiff's request for monetary sanctions against the City, and awards Plaintiff attorney fees and costs in the amount of $2,495.00.

**IT IS SO ORDERED.**

Dated:  July 11, 2024

_____
Honorable Lupe Rodriguez, Jr.
United States Magistrate Judge